No. 13-2139

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| **SHERRI R. BARRETT,** | ) **Originating Judge: James A. Parker** |
| **Plaintiff-Appellant,** | ) **U.S. District Court for the District of** |
| | ) **New Mexico** |
| **v.** | ) |
| | ) |
| **UNIVERSITY OF NEW** | ) **Originating Cause Number:** |
| **MEXICO  BOARD OF** | ) **1:12-CV-00574-JAP-RHS** |
| **REGENTS,** *et al.*, | ) |
| **Defendants-Appellees.** | ) |

## DEFENDANTS-APPELLEES' PRINCIPAL AND RESPONSE BRIEF REGARDING PLAINTIFF-APPELLANT'S APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

### Appellee's Statement on Oral Argument

Oral argument is not required in this matter because the legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. However, should the Court determine that oral argument is appropriate, Defendants-Appellees are prepared to so argue.

Submitted by:    Kevin G. Gick
Assistant University Counsel
The University of New Mexico
Scholes 208, MSC05 3440
1 University of New Mexico
Albuquerque, NM 87131-0001
*Counsel for Defendants-Appellees*

# <u>TABLE OF CONTENTS</u>

A.    Prior or Related Appeals..................................................................1

B.    Statement of the Case ...................................................................1

C.    Summary of the Arguments........................................................5

D.    Arguments.........................................................................................8

I.    The District Court Properly Dismissed All Claims Against All

Defendants for Failure to State Claims Against Them for Which Relief May

Be Granted ............................................................................................8

    a.    Standard of Review ...............................................................8

    b.    The Court Should Disregard Pages 11-136 of Plaintiff's Appendix

When Deciding the Appeal...........................................................10

    c.    The Board of Regents, As An Arm of the State of New Mexico, Has

Eleventh Amendment Immunity from Plaintiff's Claims........................10

    d.    Plaintiff Fails to Name State Officials with the Authority to Enforce

the Americans with Disabilities Act as Required by Ex Parte Young;

Therefore, the Individual Defendants Are Also Immune from Plaintiff's

Claims...............................................................................................13

**II.    The District Court's Denial of Leave to Amend the Complaint Was Proper** ................................................................................**19**

    **a.    Standard of Review** ........................................................**19**

    **b.    Plaintiff failed to comply with the Federal Rules of Civil Procedure and Local Rules when requesting leave to amend** ......................................**21**

    **c.    Granting leave to amend to "allege additional facts" would have been futile when the dismissal was a matter of law** ....................................**22**

    **d.    Plaintiff's reliance on Foman v. Davis is misplaced** ...........................**24**

    **e.    Even after being instructed how to seek amendment and how to substantively amend her Complaint, Plaintiff failed to file a motion for leave to amend** ................................................................................**25**

**III.    The District Court Did Not Deny the Stipulated Confidentiality Order; Rather, It Denied Plaintiff's Appeal of the Magistrate's Order as Moot Because it Dismissed All Her Claims** ......................................**27**

**E.    Conclusion** ................................................................................**29**

**FED. R. APP. 32(a) STATEMENT OF COMPLIANCE** ...................................**30**

**10TH CIR. R. 25.4 CM/ECF CERTIFICATION** ...............................................**30**

**10TH CIR. R. 31.5 CERTIFICATE OF SERVICE** ...........................................**31**

## TABLE OF AUTHORITIES

### Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ......................................................... 8, 16, 19

Barrett v. Ormann, 373 Fed.Appx. 823 (10th Cir. 2010) .........................................9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................... 9, 16, 19

Bixler v. Foster, 596 F.3d 751 (10th Cir. 2010) ........................................... 9, 16, 19

Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001) 11, 13

Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487 (10th Cir. 1998) ................................................................................ 12, 13

Calderon v. Kansas Dept. of Social and Rehabilitation Services, 181 F.3d 1180 (10th Cir. 1999).................................................................................20

Chamber of Commerce of U.S. v. Edmondson, 594 F.3d 742 (10th Cir. 2010).....14

Church of Scientology v. United States, 506 U.S. 9 (1992)....................................28

Elephant Butte Irr. Dist. of New Mexico v. Department of Interior, 160 F.3d 602 (10th Cir. 1998)...................................................................................11

Ex Parte Young, 209 U.S. 123 (1908) .............................................................. 13, 14

Foman v. Davis, 371 U.S. 178 (1962) ...................................................................24

Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848 (10th Cir. 1999) ...................................................................20

Khalik v. United Air Lines, 671 F.3d 1188 (10th Cir. 2012) ...................... 9, 16, 19

Los Angeles County v. Davis, 440 U.S. 625 (1979) ................................................28

Lujan v. Regents of University of California, 69 F.3d 1511 (10th Cir. 1995) ........11

Navani v. Shahani, 496 F.3d 1121 (10th Cir. 2007)................................................28

Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818 (10th Cir. 2007) ........14

Puerto Rico Aqueduct v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993)....................12

Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174 (10th Cir. 2007) .............9

Sanders v. Mountain America Federal Credit Union, 689 F.3d 1138 (10th Cir.

2012) ..................................................................................................................8

St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502 (1993) ...........................................18

Sutton v. Utah State Sch. For the Deaf & Blind, 173 F.3d 1226 (10th Cir. 1999)..10

TV Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d

1022 (10th Cir. 1992)........................................................................................24

Weise v. Casper, 507 F.3d 1260 (10th Cir. 2007) ..................................................23

**Statutes**

NMSA 1978, § 21-7-3 ..................................................................................... 13, 17

NMSA 1978, § 21-7-4 ..................................................................................... 13, 26

NMSA 1978, § 21-7-6 ...........................................................................................18

NMSA 1978, § 21-7-7 ...........................................................................................18

## **Rules**

10th Cir. R. 10.3(A) ...........................................................................4, 5

10th Cir. R. 30.1(A)(1) ......................................................................4, 5

D.N.M.LR-Civ 15.1 ...........................................................................23

Fed. R. App. P. 30(b)(1).......................................................................4

Fed. R. Civ. P. 12(b)(6)........................................................................8

Fed. R. Civ. P. 15(a)(1).......................................................................22

Fed. R. Civ. P. 15(a)(2).......................................................................22

## **Constitutional Provisions**

N.M. Const. Art. XII ..........................................................................12

U.S. Const. Amend. XI .......................................................................11

## A. **Prior or Related Appeals**

There are no prior or related appeals in this or any other state or federal appellate court.

## B. **Statement of the Case**

Plaintiff filed her Complaint against Defendants the University of New Mexico Board of Regents[1] and Jack L. Fortner, Don L. Chalmers, Carolyn J. Abeita, J.E.Gallegos, James H. Koch, Bradley C. Hosmer, and Jacob P. Wellman in their official capacities[2] on May 27, 2012[3]. District Court Docket Number (hereinafter "Dkt. No.") 1, Appellees' Supplemental Appendix[4] at 1-8. Defendants filed their Answer to the Complaint on August 3, 2012[5]. Dkt. No. 8, Supp. Appx. at 9-25. On November 29, 2012, Defendants filed their Rule 12(c) Motion for Judgment on the Pleadings of All Claims against the Individual Board Members and Count IV of the Complaint against All Defendants for Failure to State Claims

---

[1] Hereinafter " the Board of Regents."
[2] Hereinafter collectively "the Individual Defendants."
[3] Hereinafter "the Complaint."
[4] Hereinafter "Supp. Appx."
[5] The Answer to the Complaint was filed on behalf of all Defendants on August 3, 2012. Dkt. No. 8 (hereinafter "the Answer"). However, at that time, Defendants inadvertently failed to note that the Answer was filed on behalf of the individual Defendants when filing in the Electronic Filing system. See Docket Report. Defendants rectified this oversight on August 27, 2012. Dkt. No. 12. No objection was noted to Defendants' rectification. See Docket.

for Which Relief May Be Granted[6]. <u>Dkt. No. 22</u>, <u>Supp. Appx.</u> at 26-37. On

December 13, 2012, Plaintiff filed her Response in Opposition to the Motion to

Dismiss[7]. <u>Dkt. No. 25</u>, <u>Supp. Appx.</u> at 38-47. On December 21, 2012, Defendants

filed their Reply in Support of the Motion to Dismiss[8] and Notice of Briefing

Complete regarding the Motion to Dismiss. <u>Dkt. Nos. 26-27</u>, <u>Supp. Appx.</u> at 48-59.

On February 14, 2013, Defendants filed their Unopposed Motion for an

Order of Confidentiality[9]. <u>Dkt. No. 36</u>. On February 21, 2013, District Court

Magistrate Judge Robert Hayes Scott issued his Order denying the Unopposed

Motion for an Order of Confidentiality[10]. <u>Dkt. No. 39</u>. On March 6, 2013, Plaintiff

submitted her Appeal of Honorable Magistrate Judge's Order Denying Unopposed

Motion for Confidentiality Order to District Court Judge James A. Parker[11]. <u>Dkt.</u>

<u>No. 41</u>. On March 10, 2013, Defendants submitted their Response to Plaintiff's

Rule 72 Fed R. Civ. P. "Appeal of Honorable Magistrate Judge's Order Denying

Unopposed Motion for Confidentiality Order." <u>Dkt. No. 42</u>.

---

[6] Hereinafter "the Motion to Dismiss."
[7] Hereinafter "Plaintiff's Response."
[8] Hereinafter "Defendants' Reply."
[9] Hereinafter "Confidentiality Motion."
[10] Hereinafter "the Magistrate's Order."
[11] Hereinafter "the Appeal of the Magistrate's Order."

On July 1, 2013, the District Court issued its Memorandum Opinion and Order granting Defendants' Motion to Dismiss[12], Dkt. No. 55, Plaintiff's Errata Sheet at 13[13]; its Order Denying Appeal of Magistrate Judge's Order as Moot[14], Dkt. No. 56, Errata Sheet at 14-15; and its Order of Dismissal dismissing all of Plaintiff's claims against all Defendants without prejudice[15]. Dkt. No. 58, Errata Sheet at 16-17. Plaintiff's Appeal arises solely from these three Orders. Appellate Brief[16] at 1.

On July 1, 2013 the District Court also issued an Order denying Defendants' Motion for Summary Judgment as Moot. Dkt. No. 57. Defendants' Motion for Summary Judgment (Dkt. No. 48), Plaintiff's Memorandum in Opposition thereto (Dkt. No. 50), and Defendants' Reply in Support thereof (Dkt. No. 52) and their respective attached exhibits were not considered by the District Court in dismissing the Complaint or denying the Appeal of the Magistrate's Order as moot. See Dkt. No. 55 at 2, fn. 1 (Memorandum Order listing the submissions considered for the Motion as limited to the Motion to Dismiss, Plaintiff's Response thereto, and Defendants' Reply thereto); see also Dkt. No. 56 (entering Denial of Appeal of Magistrate's Order because grant of Motion to Dismiss rendered Appeal of

---

[12] Hereinafter "the Memorandum Order."
[13] Hereinafter "Errata Sheet."
[14] Hereinafter "Denial of Appeal of the Magistrate's Order."
[15] Hereinafter "the Order of Dismissal."
[16] Hereinafter "Aplt. Brief."

3

Magistrate's Order moot). Plaintiff does not appeal the Order Denying the Motion for Summary Judgment as Moot. <u>Appt. Brief</u> at 11 (listing basis for appeal as specifically excluding the Order Denying Defendants' Motion for Summary Judgment as Moot).

Nevertheless, Plaintiff attaches several documents to her Appellate Brief that were not considered by the District Court in issuing any of the three Orders Plaintiff identifies as the bases for her Appeal. <u>See Appendix to Aplt. Brief</u>[17] at 11-136. Those documents are therefore not "essential items" necessary for consideration or deciding the appellate issues. <u>See</u> 10th Cir. R. 30.1(A)(1) (requiring contents of appellant's appendix to conform with requirements of 10th Cir. R. 10.3); 10th Cir. R. 10.3(A) (limiting submissions to "[o]nly essential parts of the district court record"). The Parties did not agree to the contents of Plaintiff's Appendix, nor did Plaintiff serve on Defendants a designation of the parts of the record she intended to include in her Appendix within 14 days of the record being filed as required by Rule of Appellate Procedure 30. Fed. R. App. P. 30(b)(1). Defendants therefore object to Plaintiff's inclusion of pages 11-136 of Plaintiff's Appendix and requests that the Court strike them from the record on appeal.

Defendants concur that pages 2-9 of Plaintiff's Appendix – a rendering of the District Court's docket report – and pages 4-17 of Plaintiff's "Errata Sheet"

---

[17] Hereinafter "Aplt. <u>Appx.</u>"

filed December 2, 2013 – the relevant Orders from which the Appeal arises – are essential items necessary for the Court's consideration of the issues and are thus properly in Plaintiff's Appendix. See 10th Cir. R. 30.1(A)(1); 10th Cir. R. 10.3(A). Plaintiff does not, however, include the Complaint, the Answer, or any of the relevant pleadings – i.e. the Motion to Dismiss that resulted in the dismissal of the Complaint, Plaintiff's Response, or Defendants' Reply – in the Appendix or Errata Sheet. Id.; see also 10th Cir. R. 10.3(A) (requiring inclusion of last amended complaint and answer). Defendants therefore submit herewith their Supplemental Appendix containing the Complaint, the Answer, the Motion to Dismiss, Plaintiff's Response, and Defendants' Reply. Supp. Appx. at 1-59. For the Court's convenience, Defendants also submit the Transcript of Pretrial Conference before The Honorable James A. Parker[18] in the Supplemental Appendix. Supp. Appx. at 60-86.

### C. **Summary of the Arguments**

The District Court properly dismissed all claims against all Defendants for Plaintiff's failure to state claims against them for which relief may be granted. As an arm of the State of New Mexico, Defendant the Board of Regents of the University of New Mexico has immunity from Plaintiff's claims pursuant to the

---

[18] Hereinafter "Hearing Transcript."

5

Eleventh Amendment of the United States Constitution. Similarly, because the individual members of the Board of Regents do not have a specific duty to enforce the sole statute upon which Plaintiff bases her claims (the Americans with Disabilities Act) nor have they demonstrated a willingness to so enforce, and because they are specifically barred by New Mexico Statute and Constitution from acting as individuals on behalf of the Board but rather must act as a body corporate, the individual members of the Board also enjoy such immunity. By naming the individual Board members, Plaintiff fails to establish an exception to Defendants' Eleventh Amendment immunity from her claims under the <u>Ex Parte Young</u> doctrine. Accordingly, the District Court properly dismissed all claims against all Defendants.

Similarly, the District Court's denial of Plaintiff's request for leave to amend her Complaint was proper. Plaintiff facially requested leave to amend her Complaint in her Response to the Fed. R. Civ. P. 12(c) Motion to Dismiss that resulted in dismissal of her claims. The Motion to Dismiss was submitted well after Defendants filed their Answer to the Complaint. Plaintiff did not file a Fed. R. Civ. P. 15 motion requesting leave to amend. Also, at no time did Plaintiff attach a proposed Amended Complaint to her facial request to amend or any Rule 15 motion as required by the District Court's local rules. Moreover, even after being instructed how to amend her Complaint, Plaintiff failed to file a motion for leave to

amend. Because Plaintiff failed to comply with the Rules of Civil Procedure, the District Court properly denied Plaintiff leave to amend her Complaint.

Furthermore, Plaintiff's request for leave to amend requested to "add additional facts" to her Complaint to withstand the Motion to Dismiss. However, the basis for the Motion to Dismiss was purely legal, i.e. that Defendants had Eleventh Amendment immunity from Plaintiff's claims. No additional facts would have altered such basis for the Motion. As such, the District Court properly denied Plaintiff leave to amend as requested, as such amendment would have been futile. The District Court clearly enunciated this in its Order.

Finally, contrary to Plaintiff's apparent contentions, the District Court did not deny her appeal of the Magistrate's Order denying the entry of a stipulated confidentiality order on the merits of said appeal. Rather, because it dismissed Plaintiff's Complaint as a whole, the District Court denied the appeal of the Magistrate's Order as moot. With the dismissal, the appeal was no longer "live." And because the District Court cannot decide issues that are not live, it properly denied the appeal as moot.

### D. <u>Arguments</u>

**I.    The District Court Properly Dismissed All Claims Against All Defendants for Failure to State Claims Against Them for Which Relief May Be Granted**

    a.  <u>Standard of Review</u>

In granting Defendants' Motion to Dismiss, the District Court applied the standard applied to motions under Rule 12(b)(6). <u>Memorandum Order</u>, <u>Errata Sheet</u> at 5 (citing <u>Sanders v. Mountain America Federal Credit Union</u>, 689 F.3d 1138, 1141 (10th Cir. 2012). Plaintiff concurs with this approach. <u>Appt. Brief</u> at 12 (stating same).

A complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

8

likelihood of mustering factual support for *these* claims." Ridge at Red Hawk,

L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

When ruling on a motion to dismiss, courts "accept as true well-pleaded

factual allegations, but also consider whether 'they plausibly give rise to an

entitlement to relief.'" Barrett v. Ormann, 373 Fed.Appx. 823, 825 (10th Cir. 2010)

(citing Iqbal, 556 U.S. at 677-79)). "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations… a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see

also Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) ("Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice"). "[W]hen legal conclusions are involved in the complaint 'the tenet that a

court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions.'" Khalik v. United Air Lines, 671 F.3d 1188,

1190-91 (10th Cir. 2012) (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949).

"Accordingly, in examining a complaint under Rule 12(b)(6), [the Court] will

disregard conclusory statements and look only to whether the remaining, factual

allegations plausibly suggest the defendant is liable." Id.

### b.   The Court Should Disregard Pages 11-136 of Plaintiff's Appendix When Deciding the Appeal

Plaintiff submits documents with her Appeal. <u>Appendix</u>, pp. 11-136. The District Court did not rely on any such documents when dismissing Plaintiff's Complaint. <u>Memorandum Order,</u> <u>Errata Sheet</u> at 5, fn. 1. The District Court denied her Appeal of Magistrate's Order as moot because it dismissed the underlying Complaint. <u>Denial of Appeal of Magistrate's Order,</u> <u>Errata Sheet</u> at 19-20. Plaintiff agrees that the standard of review governing the dismissal of her Complaint – and, by proxy, that controlling the Denial of Appeal of the Magistrate's Order as moot – is pursuant to Rule 12(b)(6). <u>Appt. Brief</u> at 12. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." <u>Sutton v. Utah State Sch. For the Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court should therefore disregard pages 11-136 of the Appendix when deciding this matter.

### c.   The Board of Regents, As An Arm of the State of New Mexico, Has Eleventh Amendment Immunity from Plaintiff's Claims

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

10

State." U.S. Const. Amend. XI. Eleventh Amendment immunity also applies to suits against states filed by citizens thereof. <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356, 363 (2001); <u>see also Elephant Butte Irr. Dist. of New Mexico v. Department of Interior</u>, 160 F.3d 602, 607 (10th Cir. 1998) ("The Eleventh Amendment [to the United States Constitution] generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state"). This immunity from suit extends to suits filed against instrumentalities or arms of the states as well. <u>Lujan v. Regents of University of California, 69 F.3d 1511, 1522 (10th Cir. 1995).</u>

Under the New Mexico Constitution, the University of New Mexico is an arm of the state for purposes of Eleventh Amendment Immunity. N.M. Const. Art. XII, §§ 3 ("The … universities … provided for by this constitution shall forever remain under the exclusive control of the state"), 11 ("The university of New Mexico, at Albuquerque… [is] hereby confirmed as state educational institution[]"); <u>see also</u> § 13 (establishing that the Board of Regents of the University of New Mexico would be provided for by the New Mexico Legislature). "The management and control of the university of New Mexico, the care and preservation of all its property, the erection and construction of all buildings necessary for its use and the disbursements and expenditures of all money" is vested in the Board of Regents. NMSA 1978, § 21-7-3. The Board of Regents

11

"shall constitute a <u>body corporate</u> … with the right, as such, of suing and being sued." NMSA 1978, § 21-7-4 (emphasis added). The Board of Regents as a body corporate is therefore an arm of the state of New Mexico; as such, it is entitled to Eleventh Amendment immunity. <u>Buchwald v. University of New Mexico School of Medicine</u>, 159 F.3d 487, 494 n. 3 (10th Cir. 1998) ("we have no doubt that [the University of New Mexico School of Medicine], its Regents, and the Committee on Admissions are 'arms of the state,' entitled to Eleventh Amendment immunity").

Suits against states and their agencies are barred by the Eleventh Amendment regardless of the relief sought. <u>Id</u>. at 495 (citing <u>Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993)). Accordingly, Plaintiff cannot maintain her suit against the Board of Regents. The District Court's dismissal of all claims against the Board of Regents was therefore proper and should be affirmed.

    d. <u>Plaintiff Fails to Name State Officials with the Authority to Enforce the Americans with Disabilities Act as Required by Ex Parte Young; Therefore, the Individual Defendants Are Also Immune from Plaintiff's Claims</u>

    *i.*    *Standard of Review*

Plaintiff brings her claims solely under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. <u>Aplt. Brief</u> at 1. As stated above, the Board of Regents as a body corporate has Eleventh Amendment immunity from such claims. Plaintiff therefore names the Individual Defendants seeking an exception to Defendants' immunity from suit pursuant to the <u>Ex parte Young</u> doctrine. <u>See Garrett</u>, 531 U.S. at 374 n. 9 (although "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under [the ADA]," persons with disabilities can seek enforcement of the Act under <u>Ex parte Young</u>, 209 U.S. 123, 28 S.Ct. 441 (1908)); <u>see also Complaint</u>, <u>Supp. Appx.</u> at 2, ¶ 1 ("This is an *ex parte young* [sic] lawsuit that seeks prospective injunctive relief").

"The <u>Ex parte Young</u> exception, however, is a narrow one." <u>Buchwald</u>, 159 F.3d at 495. To plead the exception to Defendants' Eleventh Amendment immunity, Plaintiff must name a state officer in their official capacity as a party to the Complaint. <u>See Chamber of Commerce of U.S. v. Edmondson</u>, 594 F.3d 742,

760 (10th Cir. 2010). "This exception [to Eleventh Amendment immunity from suit] applies so long as the defendant officer has 'some connection with the enforcement of the act.'" Id. (quoting Ex Parte Young, 209 U.S. 123, 157 (1908)). To establish such a connection, the defendant officer must "'have a particular duty to "enforce" the statute in question and a demonstrated willingness to exercise that duty.'" Id. (quoting Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 828 (10th Cir. 2007)). The Ex parte Young exception applies "so long as the defendant officer has 'some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" Id. (quoting Ex parte Young, 209 U.S. at 157).

> ii.  *Plaintiff fails to allege that the Individual Defendants have a particular duty to enforce the Americans with Disabilities Act*

As stated above, to plead an exception to Defendants' immunity from suit under Ex parte Young, Plaintiff must allege that the Individual Defendants have a "particular duty" to enforce the Americans with Disabilities Act. This Court provided guidance in how to do so in Edmondson.

In Edmondson, the Court found that the Oklahoma Attorney General had certain statutory duties that demonstrated that the Attorney General had a particular duty to enforce Section 7(B) of the Oklahoma Taxpayer and Citizen Protection Act of 2007 ("OTCPA"). 594 F.3d at 757-60. Because it also concluded that the

14

Attorney General's having exercised those duties in the past demonstrated a willingness to so exercise, the Court concluded that the Attorney General was not entitled to Eleventh Amendment immunity as to Section 7(B) of OTCPA. Id. However, the Court "reach[ed] the opposite conclusion with regard to Section 7(C) [of OTCPA] because [plaintiffs] do not cite to any Oklahoma law authorizing the Attorney General to enforce that provision." Id. Thus, the plaintiffs' claim under Section 7(C) of the OTCPA fell outside the scope of the Ex parte Young exception, and the Attorney General was entitled to Eleventh Amendment immunity as to that provision. Id.

There are no such statutory provisions demonstrating that the Individual Defendants have a particular duty to enforce the ADA. No individual member of the Board of Regents has the authority to make decisions as an individual on behalf of the University of New Mexico. NMSA 1978, § 21-7-3 ("The management and control of the university of New Mexico, the care and preservation of all its property, the erection and construction of all buildings necessary for its use and the disbursement and expenditures or all money shall be vested in a board of seven regents") (emphasis added). In fact, the Board of Regents may not, in general, make any decisions regarding the governance of UNM without a quorum of a majority of the members voting to do so. See NMSA 1978, § 21-7-7.  No individual Regent is vested with the sole power to make employment decisions.

15

New Mexico statute names only two specific Board officers as being empowered with specific authority to perform limited administrative tasks the other members are not authorized to do: the President and Secretary. NMSA 1978, § 21-7-6 ("The president … shall preside at all meetings of the board… sign all instruments required to be executed by the board… [and] shall appoint committees of the board" while "[t]he secretary shall provide for attesting all instruments required to be signed by the president of the board, shall keep a true record of all the proceedings of the board and generally do all other things required of the secretary by the board"). However, there is no statutory provision authorizing an individual member to act on behalf of the Board of Regents as a body corporate.

Unlike the attorney general in Edmondson, there is no statutory provision demonstrating that the Individual Defendants have a particular duty to enforce the ADA. Moreover, Plaintiff provides no more than conclusory allegations that the Individual Defendants have a particular duty to grant the relief she seeks. Complaint, Supp. Appx. 1-8, ¶¶ 12, 38, 46, 55, 62, 71 (the Individual Defendants "are the governing body of UNM and are ultimately responsible for ensuring compliance with federal anti-disability discrimination laws, particularly, the ADA"). Conclusory allegations do not state claims for relief. Bell Atl. Corp., 550 U.S. at 555; Iqbal, 556 U.S. at 678; Bixler, 596 F.3d at 756; Khalik, 671 F.3d at 1190-91. Plaintiff's claims against the Individual Defendants therefore fall outside

16

of the Ex parte Young exception. Accordingly, the Individual Defendants are

entitled to Eleventh Amendment immunity from Plaintiff's claims. The District

Court's dismissal of the Complaint was therefore proper and should be affirmed.

> iii.   *Plaintiff fails to allege that the Individual Defendants have*
>
> *demonstrated a willingness to enforce the Americans with*
>
> *Disabilities Act*

As with the above, to plead an exception to Defendants' Eleventh

Amendment immunity under Ex parte Young, Plaintiff must allege that the

Individual Defendants have demonstrated a willingness to enforce the Americans

with Disabilities Act. Edmondson again provides guidance as to how to so allege.

In Edmondson, this Court determined that the attorney general was not

entitled to Eleventh Amendment immunity from suit because he had demonstrated

a willingness to enforce §7(B) of the OTCPA. 594 F.3d at 760. There, the Court

found he demonstrated such willingness by drafting contracts for state officials,

bringing civil actions against businesses that violate state law, and defending state

agencies sued by their contractors. Id. at 758. Edmondson thus stands for the

proposition that, to allege an exception to immunity under Ex parte Young, a

plaintiff must allege actual, specific acts taken by the named official demonstrating

their willingness to enforce the statute the claims are based upon.

17

Plaintiff's ADA claims arise out of her status as University of New Mexico employee. Complaint, Supp. Appx. 1-8, ¶¶ 27-31, 33-36, 44, 52, 53, 60, 69. In general, to state her employment claims against the Individual Defendants, Plaintiff must allege that they took specific adverse employment action against her. St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 523-24 (1993). However, Plaintiff does not allege that the Individual Defendants were her employer. Complaint, Supp. Appx. 1-8 at ¶¶ 3, 14, 19, 24, 42, 50, 59, 66 (naming "UNM" – not the Individual Defendants–as her employer). Plaintiff also does not allege that the Individual Defendants took any actions as individuals regarding her employment or anyone else's employment. See Complaint, Supp. Appx. 1-8. In fact, Plaintiff fails to allege that the Individual Board Members took any specific action as individuals whatsoever. Id.

Rather, Plaintiff's allegations regarding the Individual Defendants are limited to unsupported legal conclusions that conflate the role of the Board of Regents as a body corporate with its members as individuals. See, e.g. Complaint, Supp. Appx. 1-8, ¶¶ 12, 38, 46, 55, 62, 71 (the Individual Defendants "are the governing body of UNM and are ultimately responsible for ensuring compliance with federal anti-disability discrimination laws, particularly, the ADA"); ¶ 15 ( the Individual Defendants "make up the University of New Mexico Board of Regents, the governing body of UNM"). Moreover, Plaintiff's allegations regarding the

18

Individual Defendants are limited to non-specific "conduct." Id. at ¶¶ 39, 47, 56, 63, 72 (the Individual Defendants' "conduct represents a pattern or practice of discrimination against the disabled"). Such vague and conclusory allegations do not allege an exception to Defendants' Eleventh Amendment immunity from suit under Ex parte Young. Bell Atl. Corp., 550 U.S. at 555; Iqbal, 556 U.S. at 678; Bixler, 596 F.3d at 756; Khalik, 671 F.3d at 1190-91.

To allege an exception to a state's immunity from suit under Ex parte Young, Plaintiff must allege specific acts taken by the official named as responsible for enforcing the statute in question that demonstrate the official's willingness to so enforce. Plaintiff does not allege that any of the Individual Defendants took specific action as individuals whatsoever. Plaintiff's allegations are limited to vague, conclusory allegations. Plaintiff therefore fails to state a claim that the Ex parte Young exception applies. The Court should thus affirm the District Court's dismissal as to all claims against the Individual Defendants.

## II.    The District Court's Denial of Leave to Amend the Complaint Was Proper

### a.  Standard of Review

"A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required,

21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"After a responsive pleading, a party <u>must</u> seek leave of the court to amend by filing a motion." <u>Calderon v. Kansas Dept. of Social and Rehabilitation Services</u>, 181 F.3d 1180, 1185 (10th Cir. 1999) (emphasis added). In the U.S. District Court for the District of New Mexico, "[a] proposed amendment to a pleading <u>must</u> accompany the motion to amend." D.N.M.LR-Civ 15.1 (emphasis added).

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where the amendment would be futile." <u>Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.</u>, 175 F.3d 848, 859 (10th Cir. 1999) (internal citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." <u>Id</u>. Accordingly, the Court must look at the proposed amendment to the Complaint to determine if it would be sufficient to withstand dismissal. <u>Id</u>.

20

b.  <u>Plaintiff failed to comply with the Federal Rules of Civil Procedure
and Local Rules when requesting leave to amend</u>

Plaintiff served her Complaint on June 5, 2012. <u>Waiver of Service Returned
Executed by [Defendants]</u>, <u>Dkt. No. 7</u>. Defendants filed and served their Answer
on August 3, 2012. <u>See Answer</u>, <u>Supp. Appx.</u> 9-25. Plaintiff did not file an
Amended Complaint within 21 days of service of the Complaint or before
Defendants filed their Answer. <u>See Docket</u>. Plaintiff did not obtain Defendants'
written consent to amend her Complaint at any time, and she does not argue that
she has so obtained. <u>See Aplt. Brief</u>.

Plaintiff's only request for leave to amend her Complaint was in her
Response to the Motion to Dismiss. <u>Plaintiff's Response</u>, <u>Supp. Appx</u>. at 46; <u>see
also generally Docket</u> (no motions for leave to amend filed). At no time did
Plaintiff file a motion requesting leave to amend the Complaint. <u>See generally
Docket</u>. Plaintiff also did not attach a proposed Amended Complaint to her
Response to the Motion to Dismiss. <u>See generally Plaintiff's Response</u>, <u>Supp.
Appx.</u> at 38-47; <u>Dkt. No. 25</u>; <u>see also Defendants' Reply</u>, <u>Supp. Appx.</u> at 58
(noting that Plaintiff must attach proposed Amended Complaint to request for
leave to amend). Plaintiff therefore failed to comply with the Federal Rules of
Civil Procedure and Local Rules when making her request for leave to amend. The

District Court's denial of leave to amend was therefore proper and should be affirmed.

   c.   <u>Granting leave to amend to "allege additional facts" would have been futile when the dismissal was a matter of law</u>

As stated above, Plaintiff did not attach a proposed Amended Complaint to her only request for leave to amend: that facially made in her Response to the Motion to Dismiss. Plaintiff similarly did not attach a proposed Amended Complaint to any motion for leave to amend or to her Appeal. Accordingly, the Court must look to what Plaintiff claims her proposed Amended Complaint might allege to determine its sufficiency. Defendants assert – and reiterate to the extent argued above – that Plaintiff's hypothetical submission of a hypothetical Amended Complaint in and of itself warrants an affirmance of the District Court's denial of Plaintiff's request for leave to amend her Complaint.

Notwithstanding Defendant's assertion, but without waiving its right to argue it, even assuming the Court accepts Plaintiff's hypothetical amendments, the resulting Amended Complaint would still be subject to dismissal. Accordingly, the District Court's denial of Plaintiff's request for leave to amend should be affirmed.

In her Response to the Motion to Dismiss – the only iteration of Plaintiff's request for leave to amend – Plaintiff argues:

22

> "… on the issue of the individually-named defendants,
> Plaintiff can plead additional allegations spelling out that the
> individual regents are responsible for policy and enforcing
> ADA law and policy, and thus come within state officials
> charged with upholding ADA law and policy." <u>Plaintiff's
> Response</u>, <u>Supp. Appx.</u> at 46.

However, even if Plaintiff pleads additional <u>facts</u> regarding the Individual

Defendants, the <u>legal</u> deficiencies as to their propriety as named officials for

purposes of pleading an <u>Ex parte Young</u> exception would remain. <u>See, e.g. Weise</u>

<u>v. Casper</u>, 507 F.3d 1260, 1270 (10th Cir. 2007) (McConnell, J. dissenting) ("A

motion to dismiss does not test 'evidentiary sufficiency" … Rather, at this stage

the court is asked to decide whether, assuming the allegations of the complaint are

true, the defendants are entitled to dismissal as a matter of law… That is a legal

question, not a factual one"). In other words, no matter what facts Plaintiff pleads,

such facts would not change the statutory and Constitutional construct of the

Individual Defendants' limited role of acting as a body corporate as Regents of the

University of New Mexico. <u>See, e.g.</u> NMSA 1978, § 21-7-4 (the Board of Regents

"shall constitute a <u>body corporate</u> … with the right, as such, of suing and being

sued") (emphasis added).  Because New Mexico law dictates that they can only act

in their official capacities as a body corporate, the Individual Defendants in their

official capacities are the State of New Mexico for purposes of the Eleventh

Amendment no matter what facts are alleged. Thus, because the addition of facts as

23

proposed by Plaintiff in her Response would not cure the deficiencies in her

Complaint, Plaintiff's request for leave to amend would be futile. TV

Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022,

1028 (10th Cir. 1992). This Court should affirm the District Court's denial of the

same. Memorandum Order, Errata Sheet at 17 (District Court denying Plaintiff's

request for leave to amend as futile).

> d.  Plaintiff's reliance on Foman v. Davis is misplaced

In her Appeal, Plaintiff relies on Foman v. Davis, 371 U.S. 178 (1962), for

the proposition that the "Federal Rules [of Civil Procedure] were designed to

facilitate a proper decision on the merits." Aplt. Brief at 18. In Foman, the plaintiff

requested leave to amend a dismissed complaint by motion after the dismissal was

entered. 371 U.S. at 179. As described above, Plaintiff has never filed a motion for

leave to amend her Complaint. See Docket. Plaintiff's reliance on Foman to

support her arguments is thus misplaced on that basis alone.

Nevertheless, Foman stands for the proposition that leave to amend should

be granted "[i]n the absence of any apparent or declared reason – such as … futility

of amendment." Id. at 182. As discussed above, the District Court properly

determined that granting Plaintiff leave to amend her Complaint as proposed in the

only request for such leave she submitted to it would have been futile. See

Memorandum Order, Errata Sheet at 17. Accordingly, the District Court properly

denied the request. <u>Foman</u> supports this decision. The District Court's denial of leave to amend the Complaint should thus be affirmed.

> e. <u>Even after being instructed how to seek amendment and how to substantively amend her Complaint, Plaintiff failed to file a motion for leave to amend</u>

In the Reply in support of their Motion to Dismiss, Defendants objected to Plaintiff's request for leave to amend in her Response. <u>Defendants' Reply</u>, <u>Supp. Appx.</u> at 58. In the Reply, Defendants argued that Plaintiff's request for leave to amend should be denied because "[s]uch requests should be made by separate motion pursuant to Rule 15(a)(2) Fed. R. Civ. P. with the proposed amended pleading attached." <u>Id.</u> (citing D.N.M.LR-Civ. 15.1). Plaintiff did not thereafter file a Rule 15 motion seeking leave to amend. <u>See Docket</u>.

On May 30, 2013, the District Court held a pretrial conference. <u>See Notice of Hearing, Pretrial conference set for 5/30/2013</u>, <u>Dkt. No. 19</u>; <u>see also generally Hearing Transcript</u>. During the pretrial conference, the parties discussed the grounds for and circumstances regarding the Motion to Dismiss. <u>Hearing Transcript</u>, <u>Supp. Appx.</u> at 62:2-4 (3:2-4) ("I want to take up first the Rule 12(c) motion for judgment on the pleadings against all of the individual regents as well as Count 4 of the complaint against all defendants"). During that discussion, the

District Court inquired as to whom, if not the Individual Defendants, would be

properly named as having authority to enforce the ADA:

> "THE COURT: … Factually, who at the university has the
> authority to hire and fire someone in the position of Ms.
> Barrett? Has that been determined in discovery?
>
> MR. GICK: I believe so, Your Honor.
>
> THE COURT: Who would that be from the university's
> standpoint?
>
> MR. GICK: … I think the deposition testimony demonstrates
> that Dr. Elizabeth Miller, who is the interim executive director
> at UNM west campus where the plaintiff used to work, has the
> ultimate hiring authority, as well as Dr. Reinaldo Garcia, who
> is the director of instructional services at UNM West, who had
> direct supervisory authority over the plaintiff during the last
> few months of her employment." Hearing Transcript, Supp.
> Appx. at 62:23-63:17 (3:23-4:17).

However, Plaintiff did not thereafter file a Rule 15 motion seeking leave to amend.

See Docket.

In its Memorandum Order, the District Court "den[ied] Plaintiff's request to

amend her Complaint as stated in the Response. Memorandum Order, Errata Sheet

at 17 (emphasis added). The District Court also noted that, "under [its] local rules

Plaintiff must attach a proposed amended complaint to the motion to amend." Id.

(citing Fed. R. Civ. P. 15(a)(2); D.N.M. LR-Civ 15.1). However, Plaintiff did not

file a motion to amend her Complaint thereafter either. See Docket.

26

Plaintiff was clearly notified that she should have filed a Rule 15 motion if she sought leave to amend her Complaint. Plaintiff was also instructed on how to amend her Complaint to avoid dismissal. Nevertheless, at no time did Plaintiff file a motion seeking leave to amend her Complaint. See Docket.

Plaintiff argues in her Appeal that "it is apparent that the District Court did not afford the opportunity for the filing of a formal motion to more fully address the issue of leave to amend." Aplt. Brief at 15. Plaintiff makes this argument notwithstanding the multiple notices given her that, to request leave to amend, she must file a motion and attach a proposed Amended Complaint. Plaintiff, of her own accord, failed to take advantage of the opportunities provided her to so submit. Plaintiff's argument that it was the District Court's fault that she could not amend is therefore without foundation. Accordingly, the District Court's denial of leave to amend was proper and should be affirmed.

## III.     The District Court Did Not Deny the Stipulated Confidentiality Order; Rather, It Denied Plaintiff's Appeal of the Magistrate's Order as Moot Because it Dismissed All Her Claims

The District Court denied the Appeal of the Magistrate's Order as moot "[s]ince the Court has dismissed all claims." Order Denying Appeal of Magistrate's Order as Moot, Errata Sheet at 19-20. A matter is moot "when the issues involved are no longer 'live.'" Los Angeles County v. Davis, 440 U.S. 625,

631 (1979) (internal quotations omitted). "[T]he existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Navani v. Shahani, 496 F.3d 1121, 1127 (10th Cir. 2007) (internal citations omitted).

Plaintiff does not contest the District Court's clear pronouncement of its reason to deny the Appeal of the Magistrate's Order: that dismissal of Plaintiff's Complaint rendered the Appeal of the Magistrate's Order moot. See generally Aplt. Brief. Rather, Plaintiff appears to argue the merits of her Appeal of the Magistrate's Order. Id. at 23-26. However, the District Court made no pronouncements as to the merits of Plaintiff's Appeal of the Magistrate's Order. See Order Denying Appeal of Magistrate's Order, Errata Sheet at 19-20. Plaintiff therefore improperly requests this Court to make a declaration as to a moot point that does not affect the grounds upon which the issue was mooted: the dismissal of her Complaint. Navani, 496 F.3d at 1127 (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992)) (the Court has "no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'"). The Court should therefore disregard Plaintiff's unfounded assertion that that the District Court denied the Appeal of the Magistrate's Order on the merits. Accordingly, the Court should affirm the District Court's denial of the same.

### E. **Conclusion**

For the reasons stated herein, Defendants respectfully request that this Court affirm the District Court's dismissal of all claims against all Defendants, denial of Plaintiff's facial request to amend her Complaint, and denial of Plaintiff's appeal of the Magistrate's Order as moot.

By___*/s/ Kevin Gick*_____
Kevin Gick
Assistant University Counsel
Office of University Counsel
MSC05-3440 Scholes Hall Room 208
1 University of New Mexico
Albuquerque, New Mexico 87131
(505) 277-5035
kgick@salud.unm.edu

***Counsel for Defendants-Appellees the Board of Regents of the University of New Mexico et al.***

## <u>FED. R. APP. 32(a) STATEMENT OF COMPLIANCE</u>

I hereby certify that, in reliance on the word count feature of Microsoft Word 2010 upon which it was drafted, the foregoing is printed in 14-point Times New Roman font and contains 6661 words exclusive of the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel.

____*/s/ Kevin Gick*_____
Kevin Gick

## <u>10TH CIR. R. 25.4 CM/ECF CERTIFICATION</u>

I hereby certify that the foregoing and Defendants'-Appellees' Supplemental Appendix were filed by electronic means provided by this Court's CM/ECF system on January 6, 2014 and that:

a. All required privacy redactions have been made;

b. The hard copies of this Brief and Supplemental Appendix are exact copies of the ECF filing; and

c. The ECF submission was scanned for viruses with McAfee antivirus software version 4.8.0.887, an update for which was last checked for on January 5, 2014, which confirmed that the ECF submission was free of viruses.

_____*/s/ Kevin Gick*_____

Kevin Gick

## **10TH CIR. R. 31.5 CERTIFICATE OF SERVICE**

I hereby certify that the original and seven hard copies of the foregoing and two hard copies of Defendants'-Appellees' Supplemental Appendix were sent via Federal Express Standard Overnight Shipping on January 6, 2014 to:

> The United States Court of Appeals for the Tenth Circuit
>
> Attn: Clerk of Court
>
> Byron White U.S. Courthouse
>
> 1823 Stout Street
>
> Denver, CO 80257

and one hard copy each of the Brief and Supplemental Appendix sent via U.S. mail on January 6, 2014 to:

> Edward M. Anaya
>
> Anaya Law, LLC
>
> P.O. Box 26331
>
> Albuquerque, NM 87125-6331
>
> ***Counsel for Plaintiff Sherri R. Barrett***

_____*/s/ Kevin Gick*_____

Kevin Gick

31